IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ANGELA HURD | : | |
| | : | |
| v. | : | Civil No. CCB-11-1944 |
| | : | |
| NDL, INC., TOM ALBERT, ERIN MCDANNALD, and TIM GUNTHER | : | |

## MEMORANDUM

This suit arises from Plaintiff Angela Hurd's claim that her former employers, NDL, Inc., Tom Albert, Erin McDannald, and Tim Gunther, unlawfully denied her overtime compensation and payment for accrued vacation and personal days. Ms. Hurd brings suit pursuant to the Fair Labor Standards Act (FLSA), the Maryland Wage Payment and Collection Law (MWPCL), and the Maryland Wage and Hour Law (MWHL). The defendants have filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 10.) In her response to the defendants' motion, Ms. Hurd submitted to the court an amended complaint. (ECF No. 13, Exh. 1.) The defendants responded, arguing Ms. Hurd failed to comply with proper procedure for amending her complaint, the amendments are futile, and the amended complaint fails to state a claim upon which relief can be granted. (ECF No. 18.)

Federal Rule of Civil Procedure 15 provides allows a party to amend its complaint once "as a matter of course" if filed within 21 days of serving the initial complaint or 21 days after service of a responsive pleading or motion under Federal Rule of Civil Procedure 12. Fed. R. Civ. Pro. 15(a)(1). In all other cases, a party must seek leave from the court or consent from the

1

opposing party to amend its pleading. Fed. R. Civ. Pro. 15(a)(2). Ms. Hurd filed her amended complaint 31 days after the defendants filed their motion to dismiss under Rule 12(b)(6). However, because Ms. Hurd requested and was granted an extension of time to file her response, the court will consider the amended complaint timely and therefore permitted as a matter of course. (ECF Nos. 11, 12.) Moreover, because the defendants have responded to the amended complaint, the court regards the motion to dismiss as ripe for disposition.[1] For the reasons that follow, the court will grant the motion to dismiss as to the plaintiff's claim that a three-year statute of limitations should apply to her FLSA claims. The court will deny the defendants' motion to dismiss all other claims. Finding that the case will move forward, the court now addresses only those claims related to the FLSA. Disputes regarding the application of the MWHL and the MWPCL will be addressed at a future time.

**Background**

Ms. Hurd worked for NDL, also known as Lighting Environments, from approximately December 18, 2006 to January 27, 2011, when she was terminated. Although the precise nature of Ms. Hurd's job duties is disputed, she describes herself as a customer service representative and asserts that her work was largely clerical in nature. (Am. Comp. ¶ 11.) Ms. Hurd received $55,000 in wages per year, on a salary basis, and she did not receive overtime compensation. She claims she worked more than 40 hours in a typical week, including working during her lunch breaks and arriving at the office earlier and leaving later than her fixed 40-hour schedule. (*Id.* at ¶¶ 18, 70.) Upon her termination, Ms. Hurd was not compensated for the four weeks of paid

---

[1] The parties dispute whether the defendants' motion should be treated as a motion to dismiss or a motion for summary judgment. In reaching these conclusions, the court did not – and need not – rely on any documents outside the pleadings; the defendants' motion therefore will be treated as a motion to dismiss.

vacation and personal days which she claims were part of her compensation package. She now brings suit against NDL as well as its co-owners, Mr. Albert, Ms. McDannald, and Mr. Gunther.

**Standard of review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*,

3

556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted).

**Discussion**

The crux of Ms. Hurd's FLSA claim is that defendants misclassified her as an employee exempt from overtime compensation. Section 7(a)(1) of the FLSA requires that employees be paid time and a half for work over forty hours a week. 29 U.S.C. § 207(a)(1). Section 13(a)(1) of the FLSA, however, provides an exemption from the overtime pay requirement for persons "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Employers must prove by clear and convincing evidence that an employee qualifies for exemption. *See Clark v. J.M. Benson Co.,* 789 F.2d 282, 286 (4th Cir. 1986); *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993). Moreover, "the remedial nature of the statute requires that FLSA exemptions be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within [the exemptions'] terms and spirit." *Darveau v. Detecon, Inc.,* 515 F.3d 334, 337-38 (4th Cir. 2008) (internal quotations omitted).

Department of Labor regulations define what constitutes employment in an administrative capacity. First, to qualify for the exemption, an employee must be paid "on a salary . . . basis at a rate of not less than $455 per week." 29 C.F.R. §§ 541.200. Second, the employee's "primary duty [must be] the performance of office or non-manual work directly related to the management or general business operations" of the business. *Id.* Finally, the employee's "primary duty [must] include[ ] the exercise of discretion and independent judgment with respect to matters of significance." *Id.*

Ms. Hurd charges she should have been classified as a non-exempt employee based on the nature of her work. According to Ms. Hurd, "[o]n a typical workday, the bulk of [her] time was expended answering telephone calls, responding to customer questions and concerns via emails and assisting customers with various minor issues relating to their purchases from Defendants." (Am. Compl., ¶13.) She describes her work as largely clerical and alleges the defendants "did not permit [her] to exercise discretion and independent judgment as to matters of significance, matters related to management policies or general business operations, or in relation to any business expenditures." (*Id.* at ¶12, 14, 75.) For example, "[i]n order to perform a work-related activity which caused Defendants to incur any additional expense, Hurd was required to first obtain Defendants' express permission." (*Id.* at ¶15.)

The defendants have not disputed the nature of Ms. Hurd's tasks except to assert she was "properly classified as an exempt employee." (ECF No. 10, p. 4, n.1.) They have not specified which category of exemption they believe applies to Ms. Hurd's position, but they contend Ms. Hurd "was employed as a project manager and was responsible for coordinating dozens of jobs at one time with little or no supervision." (*Id.*)

On a motion to dismiss, courts "must take all factual allegations in the complaint as true." *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949. The court is satisfied that Ms. Hurd's pleading provides "factual content that allows the court to draw the reasonable inference" that defendants misclassified her position. *Id*. This is particularly so in light of the courts' clear instruction that "exemptions be narrowly construed against the employers seeking to assert them." *Darveau,* 515 F.3d at 337 (internal quotations omitted). Thus, finding that the amended complaint raises a genuine dispute of material fact as to the nature of Ms. Hurd's work and its proper classification, the court will not dismiss Ms. Hurd's FLSA claim for overtime compensation.

The defendants also claim Ms. Hurd's complaint should be dismissed on the grounds that she failed to plead facts sufficient to demonstrate she worked overtime during the course of her employment. In response to Ms. Hurd's amended complaint, Defendants assert "[w]hile Plaintiff's proposed amendment contains slightly more factual information than her defective initial complaint, it still falls short of the pleading requirements set forth in *Twombly* and *Iqbal*." Defendants argue Ms. Hurd's allegations about working overtime are conclusory, formulaic, and "implausible on [their] face." (ECF No. 10, p. 7-8.)

It is true that "[a]n employee who brings suit under [the FLSA] for . . . unpaid overtime compensation . . . has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87 (1946). Where an employer does not have records of the employee's hours, however, the Supreme Court has emphasized that courts should not "penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." *Id.* at 687. Rather, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.*

Importantly, "[a] prima facie case can be made through an employee's testimony giving his recollection of hours worked . . . ." *Donovan v. Kentwood Dev. Co., Inc.*, 549 F. Supp. 480, 485 (D. Md. 1982). "An FLSA case is not to be dismissed nor should recovery for back pay be denied, because proof of the number of hours worked is inexact or not perfectly accurate." *Id; see, e.g., Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738, 748 (D. Md. 2003) ("Both Plaintiffs have testified to the hours of overtime they worked while employed by HGS. Although they have not provided evidence corroborating their testimony, they have carried their

6

initial burden of proof and established a prima facie case."); *Marroquin v. Canales*, 505 F. Supp. 2d 283, 297 (D. Md. 2007) ("[E]mployees have the initial burden of proving they worked a certain numbers of hours, which can be proved through an employee's testimony giving his recollection of hours worked.") (internal quotations omitted); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) ("it is possible for plaintiff to meet [his] burden [of proving the hours he worked] by relying on his recollection alone.").

Despite the defendants' argument to the contrary, the court finds that Ms. Hurd provided sufficient detail regarding her overtime hours. Ms. Hurd's complaint alleges she worked in excess of her set hours of 8:30 a.m. to 5:00 p.m., Monday through Friday, "in order to "complete assignments which could not be completed pursuant to the standard schedule." (Am. Compl., ¶¶65, 72.) Ms. Hurd alleges she "commonly arrived [at work] at approximately 7:30 a.m." and "at times . . . as early as 6:15 a.m." and regularly worked through her lunch break. (*Id*., ¶¶70, 73, 74.) Ms. Hurd acknowledges "the time at which [she] left at the end of the day varied," but alleges that "at times she remained at work until approximately 6:00 p.m." (*Id*., ¶78.) Ms. Hurd's amended complaint also alleges she worked during the weekends on some occasions. (*Id*., ¶¶80, 82.) Ms. Hurd "estimates that she regularly worked between approximately five and fifteen hours of overtime during most weeks of her employment." (*Id.*, ¶89.)

Although Ms. Hurd's estimates of her overtime hours are imprecise, her amended complaint clearly survives a motion to dismiss, where all inferences are to be drawn in her favor. *Accord Bertrand v. Children's Home*, 489 F. Supp. 2d 516, 522 and n.4 (D. Md. 2007) (denying summary judgment for the defendant even where the plaintiff's proof of damages "seem[ed] thin, at best," and the defendant "produced substantial evidence . . . that many of Bertrand's claimed

hours [could] not be substantiated" and concluding that the plaintiff provided "sufficient evidence to get to the jury as to *some* amount").[2]

*Individual Defendants' FLSA Liability*

The court also declines to dismiss the individual defendants from this suit. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Furthermore, the FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)). Federal courts have widely held that the definition of "employer" under the FLSA "is to be interpreted broadly to achieve Congress's intent to provide a remedy to employees for their employers' wage and hour violations." *Gionfriddo v. Jason Zink, LLC,* 769 F. Supp. 2d 880, 890 (D. Md. 2011); *see also Nationwide Mut. Ins. Co.*, 503 U.S. at 326; *Schultz v. Capital Int'l Sec., Inc.,* 466 F.3d 298, 304 (4th Cir. 2006).

Determining whether an entity is an employer under the FLSA turns on the "economic reality" of the relationship between the employee and the putative employer. *Schultz,* 466 F.3d at 304. The determination of an employment relationship "does not depend on . . . isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730 (1947). Courts assess the economic reality of an employment relationship "by examining a number of factors – such as the person's job description, his or her

---

[2] To recover under the FLSA for unpaid overtime wages, plaintiffs must establish by a preponderance of the evidence that: (1) they worked overtime hours without compensation; and (2) their employer knew (or should have known) that they had worked overtime but did not compensate them for it. *Davis v. Food Lion,* 792 F.2d 1274, 1276 (4th Cir. 1986). The court also finds that Ms. Hurd adequately pled facts showing her employers knew or should have known that she worked overtime. *See* Amended Compl., ¶¶ 60, 87 (defendants observed that plaintiff arrived before them at work, worked through lunch, and continued working after 5 p.m. and on weekends; defendants assigned tasks to Ms. Hurd that required more than 40 hours per week).

8

financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Gionfriddo,* 769 F. Supp. 2d at 890.

Ms. Hurd has alleged that Tom Albert, Erin McDannald, and Tim Gunther are co-owners, partners, and high-ranking executives of NDL. (Am. Compl., ¶¶ 26, 37, 46.) She alleges they each had a significant financial interest in NDL. (*Id.,* ¶¶ 27, 38, 47.) According to Ms. Hurd, Mr. Albert, Ms. McDannald, and Mr. Gunther each had authority to hire and fire employees and to set and control the conditions of employment. (*Id.,* ¶¶ 28, 31, 39, 41, 48, 50.) Moreover, Ms. Hurd asserts they instructed her about her work and conceived and implemented the pay practices that governed her employment. (*Id.* ¶¶ 31, 33, 41, 43, 50, 52).

Under *Iqbal's* plausibility standard, these allegations are sufficient to state a claim that the individual defendants bear liability under the FLSA. 556 U.S. 662, 129 S. Ct. at 1950. This court has observed "[t]here is substantial authority for courts to hold liable as employers individuals with varying amounts of equity and control over the entities and activities before the courts in FLSA cases." *Pearson v. Prof'l 50 States Prot., LLC*, 2010 WL 4225533 *4 (D. Md. Oct. 26, 2010),[3] citing *Reich v. Circle C. Investments, Inc.,* 998 F.2d 324, 329 (5th Cir. 1993) (individual was an employer under the FLSA because he hired and instructed employees and signed payroll checks, even though his wife owned the nightclub and his consulting contract excluded personnel matters); *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 971-72 (5th Cir. 1984) (corporate officer who began and controlled corporation and guided policies was liable for FLSA violations despite having no ownership interest); *Donovan v. Agnew,* 712 F.2d 1509, 1514 (1st Cir. 1983) (officers/directors who made business decisions and "had operational control of significant aspects of the corporation's day to day functions, including compensation of employees" were liable for unpaid minimum and overtime wages under the FLSA).

---

[3] Unpublished cases are not binding precedent and are cited for their reasoning only.

Accordingly, Ms. Hurd has satisfied the pleading requirements set forth in *Twombly,* 550 U.S. 544, and *Iqbal,* 129 S.Ct. 1937, and the motion to dismiss will be denied as to the individual defendants' FLSA liability.

*Statute of Limitations*

Finally, the court will dismiss Ms. Hurd's claim that a three-year statute of limitations should apply to her FLSA claims because the defendants willfully violated the FLSA.

> Whether a violation is willful impacts the length of the appropriate limitations period under the FLSA and can impact the computation of unpaid overtime compensation under the FLSA. The FLSA provides two potential limitations periods. For non-willful FLSA violations, a two-year statute of limitations applies. 29 U.S.C. § 255(a). When the violation is willful, a three-year statute of limitations applies. *Id.*

*Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 357 (4th Cir. 2011). In *McLaughlin v. Richland Shoe Co.*, the Supreme Court held that in order to show willfulness under Section 255(a) of the FLSA statute, a plaintiff (employee) must show the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." 486 U.S. 128, 133 (1988). The Court noted that "willful" is considered synonymous with "deliberate" and "intentional." *Id.* "Mere negligence on the part of the employer with regard to compliance with the FLSA is not sufficient to prove willfulness." *Gionfriddo*, 769 F. Supp. 2d at 890.

Ms. Hurd argues the defendants willfully violated FLSA by misclassifying her as an exempt employee and denying her overtime compensation. By her account, the defendants knew or had reason to know she was a non-exempt employee under state and federal law and thus was not receiving proper compensation for labor performed. However, Ms. Hurd alleges no facts to

support that conclusion in either her original or amended complaint.  Courts have found employers willfully violated FLSA where they ignored specific warnings that they were out of compliance with FLSA, destroyed or withheld records to block investigations into their employment practices, or split employees' hours between two companies' books to conceal their overtime work.  *See Herman v. Palo Group Foster Home, Inc.,* 183 F.3d 468, 474 (6th Cir. 1999); *Martin v. Deiriggi,* 985 F.2d 129, 136 (4th Cir. 1992); *Cubias v. Casa Furniture amd Bedding, LLC,* 2007 WL 150973 *3 (E.D.Va. 2007).  Ms. Hurd has set forth no facts rising to that level.  Rather she asserts, without support, that they "knew, or had reason to know" of their alleged FLSA violations.  As the court concluded in *Williams v. Maryland Office Relocators*, "[p]roof of willfulness must be far stronger, such as evidence that the defendant had previously been investigated for FLSA violations, or evidence of a scheme by the employer to cover-up FLSA violations." 485 F. Supp. 2d 616, 621 (D. Md. 2007).  In this case, even drawing all inferences in Ms. Hurd's favor, her argument for a three-year statute of limitations falls short of the pleading standard.

In summary, the defendants' motion to dismiss will be granted as to Ms. Hurd's claim that a three-year statute of limitations applies under the FLSA.  The motion to dismiss will be denied as to all other claims.  The court will issue a scheduling order and will address Ms. Hurd's claims under the MWPCL and MWHL at a later date.  A separate order follows.

<u>February 27, 2012</u>　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　United States District Judge